UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MICHAEL J. GAUTIER** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 12-1064** |
| | * | |
| **PLAINS PIPELINE, LP, ET AL.** | * | **SECTION "L"(4)** |

ORDER AND REASONS

The Court has pending before it Plaintiff Michael Gautier's Motion to Remand (Rec. Doc. 11). The Court has reviewed the briefs and the applicable law, and now issues this Order and Reasons.

I.  BACKGROUND

This case arises out of an incident that occurred during construction on the Bay St. Elaine oil pipeline in Terrebonne Parish, Louisiana. Plaintiff Michael J. Gautier, a Louisiana resident, owns an oyster bedding ground lease there. Defendant Plains Pipeline, LP, a foreign corporation, is the owner and operator of the Bay St. Elaine pipeline. Defendant Plains Pipeline hired Defendant Crain Brothers, Inc., a Louisiana corporation, to lower the pipeline.

Plaintiff alleges that his property was damaged during the installation and/or maintenance of the Bay St. Elaine pipeline. (Compl., Rec. Doc. 1-2 at ¶ 5). Plaintiff alleges that Defendants used various vessels and equipment, including a tugboat and barge, to perform this work, and that while doing so, Defendants damaged the oysters, reef, and supportive bottoms on Plaintiff's lease. *Id.* at ¶ 6. Plaintiff also alleges that Defendants did not properly notify Plaintiff or assess the impact of the work beforehand. *Id.* at ¶ 7. Plaintiff alleges various specific negligent and/or intentional acts, as well as "[a]ny other acts of negligence which may be proven at trial." *Id.* at

¶ 9.  Plaintiff asks for property damages, remediation costs, and past, present, and future loss of income.  *Id.* at ¶ 11.

Plaintiff filed suit in the 32nd Judicial District Court for the Parrish of Terrebonne on March 19, 2012.  *Id.* at 5.  On April 26, 2012, Defendant Plains Pipeline removed to this Court.  (Rec. Doc. 1).

## II.   PRESENT MOTION

Plaintiff now moves to remand this case to state court.  (Rec. Doc. 11).  Plaintiff argues that because this case is governed by general maritime law, and Defendant Crain Brothers is a Louisiana corporation, this Court does not have removal jurisdiction under 28 U.S. § 1441.  Defendants respond that under the Outer Continental Shelf Lands Act (OCSLA), this cases arises under federal law, and therefore, removal jurisdiction exists under § 1441(a).

## III.   LAW AND ANALYSIS

"It is well-established that maritime claims do not 'arise under the Constitution, treaties or laws of the United States' for purposes of federal question and removal jurisdiction."  *Tenn. Gas*, 87 F.3d at 153 (quoting *Romero v. Int'l Terminal Operating Co.*, 358 U.S. 354, 377-79 (1959)).  However, OCSLA includes a broad jurisdictional grant over claims arising out of OCSLA operations:

> Except as provided in subsection (c) of this section, the district courts of the United States shall have jurisdiction of cases and controversies arising out of, or in connection with
> (A) any operation conducted on the outer Continental Shelf which involves exploration, development, or production of the minerals, of the subsoil and seabed of the outer Continental Shelf, or which involves rights to such minerals . . . .

43 U.S.C. § 1349(b)(1).

It is currently an open question whether this jurisdictional grant extends to a district court's removal jurisdiction under 28 U.S.C. § 1441(a). The Fifth Circuit has avoided deciding this issue twice before. *Hufnagel v. Omega Service Indus., Inc.*, 182 F.3d 340, 351 (5th Cir. 1999) (holding that removable non-maritime claims were also present); *Tennessee Gas Pipeline v. Houston Casualty Ins. Co.*, 87 F.3d 150, 156 (5th Cir. 1996) (holding that the case was removable under § 1441(b)). District courts confronted with this issue have reached different results. *Compare, e.g.*, *Bulen v. Hall-Houston Oil Co.*, 953 F. Supp. 141, 145 (E.D. La. 1997) (granting motion to remand), *with Stokes v. Petroleum Helicopters*, No. Civ.A.97-0508, 1997 WL 695557, at *6 (E.D. La. Nov. 5, 1997) (denying motion to remand).

This Court has decided a similar case once before. *See Fallon v. OXY USA, Inc.,* No. Civ.A.00-2049, 2000 WL 1285397 (E.D. La. Sept. 12, 2000) (Fallon, J.). The facts of *Fallon* involved a self-propelled liftbarge that had capsized while operating alongside a fixed offshore platform, resulting in injuries to the captain and crew. *Id.* at *1. This Court held that because those injuries would not have occurred but for OCSLA operations, the plaintiffs' claims fell under OCSLA coverage. *Id.* at *2. Furthermore, without deciding whether general maritime law would govern the substance of plaintiffs' claims, this Court held that OCSLA did provide original jurisdiction and denied their motion to remand. *Id.* at *3. This was despite the fact that "where admiralty and OCSLA jurisdiction overlap, the case is governed by the substantive principles of general maritime law." *Id.* at *2 (citing *Hufnagel*, 182 F.3d at 350; *Laredo Offshore Constr., Inc. v. Hunt Oil Co.*, 754 F.2d 1223 (5th Cir. 1985)). This Court stated that "[t]he fact that the case may governed by the substantive principles of general maritime law does not dictate remand." *Id.* at *3.

3

In opposition to Plaintiff's motion to remand, both Defendants argue that the Court should follow *Fallon*. Plains Pipeline adds that like *Fallon*, this case involves a mix of maritime and non-maritime claims.[1] Plaintiff urges the Court to abandon its own precedent in favor of the other line of district court cases. The Court declines to do so. Like *Fallon*, this case involves injuries resulting from OCS operations.[2] As in *Fallon*, it is possible (though not inevitable) that general maritime law will apply to some claims. Therefore, under *Fallon*, this Court does have § 1441(a) removal jurisdiction over Plaintiff's claims.

## IV.   CONCLUSION

For the foregoing reasons, IT IS ORDERED that Plaintiff's motion to remand is DENIED.

New Orleans, Louisiana, this 25th day of July, 2012.

_____
UNITED STATES DISTRICT JUDGE

---

[1] Plains Pipeline argues that Crain's maritime work was performed "ancillary to an OCS activity" and that the claims against Plains Pipeline will not be governed by maritime law. (Def. Plains Pipeline Opp., Rec. Doc. 12 at 10).

[2] Plaintiffs' claims are covered by OCSLA under either the broad "but for" test used in *Fallon* or the "substantial nexus" test recently adopted for a subset of OCSLA claims in *Pacific Operators Offshore, LLP v. Valladolid*, 132 S. Ct. 680, 684 (2012). Therefore, the Court does not reach the issue of which test applies.