# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **MICHAEL J. GAUTIER** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 12-1064** |
| | * | |
| **PLAINS PIPELINE, LP, ET AL.** | * | **SECTION "L"(4)** |

## CONSOLIDATED WITH

| | | |
|---|---|---|
| **TERRY J. NETTLETON, SR., ET AL.** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 12-1186** |
| | * | |
| **PLAINS PIPELINE, LP, ET AL.** | * | **SECTION "L"(4)** |

## ORDER AND REASONS

The Court has pending before it Plaintiffs' motion for a stay and to amend and certify order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). (Rec. Doc. 20). The Court has reviewed the briefs and the applicable law, and now issues this Order and Reasons.

## I. BACKGROUND

This case arises out of an incident that occurred during construction on the Bay St. Elaine oil pipeline in Terrebonne Parish, Louisiana. Plaintiffs own oyster bedding ground leases near Bay St. Elaine. They allege that their property was damaged while Defendant Crain Brothers, Inc. (hired by Defendant Plains Pipeline, LP) was performing work on the Bay St. Elaine oil pipeline, and that this damage occurred as a result of the Defendants' negligence.

Plaintiffs filed suit in the 32nd Judicial District Court for the Parish of Terrebonne on April 3, 2012. On May 10, 2012, Defendant Plains Pipeline removed the case to this Court. (No. 12-1186, Rec. Doc. 1). Soon thereafter, Plaintiffs filed a motion to remand the case to state court

(No. 12-1186, Rec. Doc. 10), and Defendant Plains Pipeline, LP filed a motion to consolidate this case with *Gautier v. Plains Pipeline, LP*, No. 12-1064. (No. 12-1186, Rec. Doc. 12). On July 25, 2012, this Court issued an Order and Reasons denying the motion to remand and granting the motion to consolidate (No. 12-1064, Rec. Doc. 19), as well as an Order and Reasons denying a motion to remand in the *Gautier* case (No. 12-1064, Rec. Doc. 18).

## II. PRESENT MOTION

Plaintiffs in the *Nettleton* case now move for a stay and for certification of an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). (No. 12-1064, Rec. Doc. 20). Plaintiffs argue that their motion to remand involves a controlling issue of law—whether this Court has subject matter jurisdiction over their claims—over which district courts have disagreed. They request that further proceedings in this case be stayed pending an interlocutory appeal, since a lack of subject matter jurisdiction discovered after final judgment would be extremely costly and cause significant delays.

In opposition to Plaintiffs' motion, Plains Pipeline asserts that an appeal would not materially advance the ultimate termination of litigation, since Crain Brothers has filed a complaint for exoneration from or limitation of liability. Plains Pipeline argues that these limitation proceedings provide an independent basis of jurisdiction, rendering an interlocutory appeal unnecessary.

## III. LAW & ANALYSIS

### A. Interlocutory Appeal Pursuant to § 1292(b)

In general, only the final judgments of the federal district courts can be appealed. *See, e.g.*, *United States v. Garner*, 749 F.2d 281, 284-85 (5th Cir. 1985). This final-judgment rule,

embodied in 28 U.S.C. § 1291, reflects "a firm congressional policy against . . . 'piecemeal' appeals." *Henry v. Lake Charles Am. Press, LLC*, 566 F.3d 164, 170-71 (5th Cir. 2009) (quoting *Abney v. United States*, 431 U.S. 651, 656 (1977)). One exception to this general rule lies in 28 U.S.C. § 1292(b), which provides that a district court in a civil case may certify for appeal an order that is not otherwise appealable if the district court is "of the opinion that such order involves [1] a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation."

Interlocutory appeals under this provision are appropriate only in "exceptional cases," *Garner*, 749 F.2d at 286; *accord Clark-Dietz & Assocs.-Eng'rs., Inc. v. Basic Constr. Co.*, 702 F.2d 67, 69 (5th Cir. 1983), and "permission to appeal [under § 1292(b)] is granted sparingly, not automatically," *Ala. Labor Council v. Alabama*, 453 F.2d 922, 924 (5th Cir. 1972). The decision regarding whether to certify an order for interlocutory appeal under Section 1292(b) rests within the discretion of the district court. *Swint v. Chambers County Comm'n*, 514 U.S. 35, 47 (1995) ("Congress . . . chose to confer on district courts first line discretion to allow interlocutory appeals."); 16 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3929 (2d ed. 1987) ("The initial determination that appeal is desirable is confided to the discretion of the district judge . . . .").

**B.     Limitation of Shipowners' Liability Act**

The Limitation of Shipowners' Liability Act ("Limitation Act") was originally passed in 1851. It provides that in general, "the liability of the owner of a vessel for any claim, debt, or liability" is limited to "the value of the vessel and the pending freight" if the injury occurred

3

"without the privity or knowledge of the owner." 46 U.S.C. § 30505(a)-(b). A vessel owner may file a limitation action in federal district court. *Id.* § 30511. The procedure for limitation claims is described in the Federal Rules of Civil Procedure, Supplemental Admiralty and Maritime Claims Rule F. Some of the key provisions of Rule F are that the vessel owner must deposit security with the district court, and that the district court can enjoin further prosecution of related claims in other courts. The district court determines whether the vessel owner may limit his or her liability or be exonerated from liability; then, if the amount of liability is insufficient, the district court can apportion losses to parties with valid claims. 46 U.S.C. § 30507.

As the Supreme Court discussed in *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 446 (2001), the Limitation Act exists in "[s]ome tension" with the saving to suitors clause. *Id.* at 448. The Limitation Act provides a vessel owner with access to a federal forum to adjudicate the relevant claims, whereas the statutory grant of admiralty jurisdiction to the federal district courts "sav[es] to suitors in all cases all other remedies to which they are otherwise entitled," 28 U.S.C. § 1333(1). "[T]he saving to suitors clause preserves remedies and the concurrent jurisdiction of state courts over some admiralty and maritime claims." *Lewis*, 531 U.S. at 440. Yet the Limitation Act provides for the injunction of state proceedings that would otherwise be protected under that clause, with the goal of protecting the vessel owner's right to limit his or her liability. As the Supreme Court noted in the context of *Lewis*, "[b]oth parties selected legitimate forums for their claims, and therein lies the conflict." 531 U.S. at 452.

The *Lewis* Court reviewed its past holdings on this issue and found two scenarios in which claimants had previously been allowed to proceed with state court claims despite the commencement of federal limitation proceedings. The first is where only a single claimant is

bringing a state court action against the vessel's owner. *See Lewis*, 531 U.S. at 451; *Langnes v. Green*, 282 U.S. 531 (1931). The second is where the value of the state court claims does not exceed the value of the limitation fund. *See Lewis*, 531 U.S. at 451; *Lake Tankers Corp. v. Henn*, 354 U.S. 147 (1957). In each scenario, the Supreme Court (as well as the Courts of Appeals) had concluded that the vessel owner's right to limit his or her liability would be adequately protected despite the state court's adjudication of the underlying claims. The Court had reasoned that "to expand the scope of exclusive jurisdiction to prevent the state court actions 'would transform the Act from a protective instrument to an offensive weapon by which the shipowner could deprive suitors of their common-law rights.'" *Lewis*, 531 U.S. at 450-51 (quoting *Lake Tankers Corp.*, 354 U.S. at 152). Thus, as long as the owner's right to limit liability was protected, it was advisable to allow the state court proceedings to go forward.

Furthermore, in *Lewis*, the Supreme Court expanded this second category to include a situation in which the claimant had stipulated that the value of his claim did not exceed the value of the limitation fund. *Lewis*, 531 U.S. at 451-52. As in its previous cases, the Court in *Lewis* held that "respondent's right to seek limitation of liability would be adequately protected" by the stipulation, "petitioner's waiver of any defense of res judicata with respect to limitation of liability, and the District Court's decision to stay the Limitation Act proceedings pending state court proceedings." *Id.*

## C. Analysis

The *Nettleton* Plaintiffs set forth a compelling argument for certification of an interlocutory appeal under § 1292(b). Specifically, they argue that the validity of this Court's removal jurisdiction is a controlling issue of law, that there is substantial difference of opinion

5

on this issue among various district court judges in the Fifth Circuit, and that an interlocutory appeal would materially advance the ultimate termination of the litigation by potentially avoiding litigation of their case in district court only to discover later on that there was no subject matter jurisdiction over their claims.

In opposition to Plaintiffs' motion, Plains Pipeline emphasizes that Crain Brothers has commenced limitation proceedings in this Court. *See In re Crain Brothers, Inc.*, No. 12-2068. Plains Pipeline argues that these proceedings provide an independent basis of jurisdiction and thus remove the need for an interlocutory appeal. Plains Pipeline argues that its indemnity claim in these proceedings "creates multiple claims to support the concursus and stay of any state court litigation," and that it "is not interested in any stipulation which would bring the pending litigation to state court if a remand was granted." (Plains Pipeline's Opp., Rec. Doc. 21 at 2).

Plains Pipeline's claim that Crain Brothers' limitation proceedings provide an independent basis of federal jurisdiction is not entirely correct. As discussed above, it is true that in some circumstances, a federal court adjudicating a limitation proceeding may enjoin related state court proceedings and essentially retain jurisdiction over the state law claims until completion. However, *Lewis* explains that there are three different scenarios in which this will not be necessary to protect a vessel owners limitation rights. The first of those scenarios is clearly not applicable here, as there are two separate cases, one of which includes several plaintiffs, involving claims for damages against Crain Brothers.

The second scenario, however, may well be applicable in this case—it is not yet clear whether the value of the claims against Crain Brothers exceeds the value of the limitation fund. Crain Brothers' complaint asserts that its vessels are worth $110,000 (Compl., No. 12-2068, Rec.

Doc. 1 at ¶ X), but the Court has not yet ruled on that issue. Moreover, even if this Court had already found this appraisal to be correct, it would be unable to determine whether the value of the *Gautier* and *Nettleton* Plaintiffs' claims against Crain Brothers exceeded that amount.

In short, the Court is unable to determine at this time whether a stay of state court litigation would be necessary in the limitation proceedings initiated by Crain Brothers. It is still entirely possible that those proceedings will develop such that it will not be necessary for this Court to enjoin state proceedings. If so, then the *Nettleton* Plaintiffs' concerns about avoiding the costs of unnecessary and repetitive litigation in federal court remain valid. Therefore, this Court believes that it would be prudent to allow the *Nettleton* Plaintiffs to appeal the removal issue now, and to stay further proceedings in the *Gautier* and *Nettleton* cases until that appeal is resolved.

**IV. CONCLUSION**

For the foregoing reasons, Plaintiffs' motion for a stay and to amend and certify order for interlocutory appeal (Rec. Doc. 20) is GRANTED. IT IS ORDERED that the Court hereby certifies its Orders and Reasons denying the *Gautier* and *Nettleton* Plaintiffs' motions to remand (Rec. Docs. 18, 19) for interlocutory review in accordance with 28 U.S.C. § 1292(b). IT IS FURTHER ORDERED that those Orders and Reasons are amended to state that each contains a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation.

IT IS FURTHER ORDERED that further proceedings in these consolidated cases are STAYED pending resolution of Plaintiffs' interlocutory appeal.

New Orleans, Louisiana, this 28th day of September, 2012.

_____
UNITED STATES DISTRICT JUDGE