UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL GAUTIER                                                CIVIL ACTION

VERSUS                                                         NO: 12-1064
                                                               c/w   12-1186

PLAINS BROTHERS PIPELINE, LP,                                  SECTION: "L" (4)
ET AL.

ORDER

Before the Court is Defendant, Plains Brothers Pipeline, LP's, ("Plains") **Motion to Compel Answers to Interrogatories and Requests for Production of Documents (R. Doc. 32)**, seeking an Order from the Court compelling Plaintiff, Michael Gautier, ("Gautier") to respond to Plains' discovery requests. The motion is unopposed, and was heard on the briefs on March 27, 2013.

I.    **Background**

This is a negligence suit in which Gautier alleges that he owns several Oyster bed leases in Terrebonne Parish, Louisiana ("Gautier Lease"). (R. Doc. 1-2, pp. 2-3). He alleges that Defendants, including Plains, were involved in oil and gas operations, specifically the installation and maintenance of pipelines. *Id.* In April 2012, Defendants began work on the "Plains Project," a pipeline installation project conducted "directly on or around the Gautier Lease. *Id.* at 3. According to Gautier, Defendants' activities on the Plains Project caused damages to the Gautier lease, the oysters and reef

contained thereon, as well as the "supportive bottoms located on the Gautier Lease." *Id.* Gautier alleges that not only did Defendants fail to conduct a pre-impact assessment of any kind, but further that they failed to notify him before they began work on the Plains Project, which prevented Gautier from making any pre-damage assessments or otherwise mitigate the damages he incurred from Defendants' work on the Plains Project. *Id.* Gautier claims that damage to the oyster beds has caused him to lose income. *Id.* at 5.

Gautier sued Defendants, including Plains, under a negligence theory, claiming that their actions have caused property damage. *Id.* He also requests that Defendants pay remediation costs, as well as damages for his past, present, and future loss of income. *Id.*[1]

As to the instant motion, Plains argues that it propounded discovery requests upon Gautier on May 14, 2012, but has yet to receive any response. (R. Doc. 32-1, p. 1). As such, Plains seeks an Order from this Court compelling Gautier to respond to his Requests for Production and Interrogatories, and that it be "awarded all equitable relief."[2] *Id.* at 2. The motion is unopposed.

## II. Standard of Review

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Rule 26(b)(1). The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* The

---

[1] Gautier originally brought suit in Louisiana state court on March 20, 2012. (R. Doc. 1-2). The case was removed to federal court on April 26, 2012. (R. Doc. 1).

[2] Plains has not explicitly requested attorney's fees, and its request for "equitable relief" is not specific enough to construe the same.

2

discovery rules are accorded broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 177 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947)). Further, it is well established that "control of discovery is committed to the sound discretion of the trial court . . . ." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009); *Coleman v. Am. Red Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994).

Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit. Rule 26(b)(2)(C). In assessing whether the burden of the discovery outweighs its benefit, a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties' resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the proposed discovery in resolving the issues. *Id.* at 26(b)(2)(C)(iii).

Rule 33 permits a party to propound upon another party "no more than 25 written interrogatories, including discrete subparts." Rule 33(a)(1). The responding party must respond within 30 days after service. Rule 33(b)(2)(A). "Any ground not stated in a timely objection is waived unless the court, for good cause, excuses the failure." *Id.* at 33(b)(4).[3]

---

[3]Rule 33 states that "[u]nless . . . ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including *discrete* subparts." Rule 33(a) (emphasis added); *see also Amir Athletic, LLC v. State Farm First and Casualty Co.*, No. 11-2082, 2012 WL 520658, at *2 (E.D. La. Feb. 16, 2012) ("[T]he court retains discretion to decline to compel requested discovery when the request far exceeds the bounds of fair discovery, even if

3

Rule 34 further provides that a party may request another party to produce "any designated documents or electronically stored information . . . stored in any medium from which information can be obtained." *Id.* at 34(a)(1)(A). This request "must describe with reasonable particularity each item or category of items to be inspected." *Id.* at (b)(1)(A). Similarly, Rule 34 provides that "[t]he party to whom the request is directed must respond in writing within 30 days after being served." *Id.* at 34(b)(2)(A). "For each item or category, the response must either state that inspection . . . will be permitted as requested or state an objection to the request, including the reasons." *Id.* at (b)(2)(B). Although Rule 34 does not provide that untimely objections are waived, the Fifth Circuit has found that the waiver provision applies equally to Rule 34. *See In re United States*, 864 F.2d 1153, 1156 (5th Cir. 1989).

Rule 37 provides that "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if: . . . (iii) a party fails to answer an interrogatory submitted under Rule 33, or (iv) a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34. Rule 37(a)(3)(B). Rule 37 further requires that all discovery motions "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Rule 37(a)(1).

---

a timely objection has not been made."). Where analysis of "subparts" yields more than 25 interrogatories, courts have found that a party has propounded excessive interrogatories have found that a party who has been propounded excessive discovery requests had an obligation to respond to the "first" 25 Interrogatories which constitute discrete questions, and strike the rest. *See, e.g.*, *Lower River Marine, Inc. v. USL-497 Barge*, 2007 WL 4590095, at *2 (E.D. La. Dec. 21, 2007) (Roby, M.J.); *Paananen v. Cellco Partnership*, 2009 WL 3327227, at *5 (W.D. Wash. Oct. 8, 2009) ("The best rule . . . is that a responding party must answer the first 25 interrogatories."). In this case, Plains propounded 18 Interrogatories upon Gautier, and the Court's evaluation of the "discrete subparts" of these Interrogatories reveals that they remain within the 25-Interrogatory limit.

4

### III.    Analysis

#### A.    Rule 37 Certificate

Plains fails to attach a separate Rule 37 Certificate to its motion. Instead, it states in its motion that "a discovery conference was held on January 24, 2013. Mr. Gautier was granted another 30 days to answer." (R. Doc. 32-1, p. 1). The letter, from Plains' counsel to Gautier's counsel, states, "[t]hank you for discussing discovery and possible ways to creatively resolve the differences between the various parties. Mr. Gautier will answer our written discovery within 30 days. I will not file any motions to compel in the interim." (R. Doc. 32-2, p. 13).

As noted above, under Rule 37, Plains was obligated to "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Rule 37(a). However, the plain language of Rule 37 does not mandate that the discovery "conference" take a particular form, or that the "certification" be presented in any particular manner. *See, e.g.*, *J.M. Smith Corp. v. Ciolino Wholesale Distributors, LLC*, No. 10-1483, 2012 WL 5289370, at *2 (E.D. La. Oct. 24, 2012) (finding that party who attaches certificate stating that counsel for both parties had "spoken by telephone on more than one occasion concerning the subjects of this motion" was sufficient in ongoing discovery dispute, even where conference was not instituted by party who had filed motion).

Here, the Court finds that Gautier's January 24, 2013 letter, conjoined with the statement in its motion that "[a] discovery conference was held" on that date, establishes that Plains' conduct was in conformity with Rule 37, in that it attempted in good faith to resolve its outstanding discovery issues prior to filing this motion with the Court. Although neither Plains' January 24, 2013 letter nor the

instant motion specifies what "written discovery" was discussed at the conference, the discovery requests at issue in this motion were propounded prior to the conference, on May 14, 2012. Therefore, they were plainly included within the scope of Plains' "written discovery" at the time the January 24, 2013 conference took place. Plains' Rule 37 certification obligation has been satisfied.

    **B.**     **Merits of Motion**

In support of its motion, Plains argues that it propounded Rule 33 and 34 production requests upon Gautier on May 14, 2012. (R. Doc. 32-2, pp. 1-12). However, Plains claims that Gautier has still failed to respond in any form. (R. Doc. 32-1, p. 1). Plains further argues that on January 24, 2013, it conducted a discovery conference with Gautier, in which Gautier was granted another 30 days to comply with the discovery requests. (R. Doc. 32-2, p. 13). However, after the expiration of this time period, Gautier continued to provide no discovery. (R .Doc. 32-1, p. 1). Plains then filed the instant motion. *Id.*

Plains argues that its discovery requests seek basic financial information about the economics of Gautier's oyster harvesting activities, which should be within Gautier's possession and which is relevant to Plains' defense of Gautier's allegations in this case. *Id.* It argues that it needs to complete this preliminary discovery before depositions can be taken and discovery can otherwise proceed. *Id.* Plains also argues that due to the fact that Gautier has failed to timely object to either his Rule 33 or Rule 34 requests, either based on their original deadline or the 30-day "extension" granted during the January 24, 2013 discovery conference, his objections have been waived. *Id.* at 2.

The Court notes that Plains has attached a copy of the discovery requests, both dated May 14, 2012, to its motion. Plains has also attached its January 24, 2013 letter formalizing the discovery

6

conference, in which Plains provided Gautier with a 30-day extension of time to respond. The instant motion, filed on March 11, 2013, is more than 30 days beyond the agreed-upon extension, and nearly 9 months after Guatier's responses were originally due. Upon inspection of Plains' discovery requests, the Court finds them relevant; moreover, Gautier has completely failed to oppose the instant motion, object to the requests, or otherwise demonstrate in any manner why he had "good cause" not to file responses.

As such, the Court finds that Plains' motion is meritorious and that it should be granted as unopposed. Gautier shall provide full and complete responses to the requested discovery no later than 14 days after the issuance of this Order. The Court further finds that Gautier's unexplained failure to respond has operated as a waiver of all of his potential objections to Plains' May 14, 2012 Rule 33 and Rule 34 discovery requests. *See In re United States*, 864 F.2d at 1156; *see also B & S Equipment Co. v. Truckla*, Nos. 09-3862, 10-832, 10-1168, 10-4592, 2011 WL 2637289, at *5 (E.D. La. July 6, 2011) (citing, *e.g.*, *In re United States*).

### IV. Conclusion

Accordingly,

**IT IS ORDERED** that Defendant, Plains Brothers Pipeline, LP's, ("Plains") **Motion to Compel Answers to Interrogatories and Requests for Production of Documents (R. Doc. 32)** is **GRANTED AS UNOPPOSED**.

**IT IS FURTHER ORDERED** that Plaintiff, Michael Gautier, ("Gautier") shall provide full and complete responses to Plains' Rule 33 Interrogatories and Rule 34 Requests for Production of Documents, both propounded on May 14, 2012, **no later than fourteen (14) days** after the issuance

7

of this Order.

**IT IS FURTHER ORDERED** that Gautier's objections to Plains' May 14, 2012 Rule 33 Interrogatories and Rule 34 Requests for Production of Documents are deemed waived.

New Orleans, Louisiana, this 25th day of April 2013.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**